OPINION OF THE COURT
Michael E. Hudson, J.
Claimant, an inmate, has filed this motion for summary judgment in lieu of a complaint to recover for the reported loss of personal property in the course of a transfer from Attica Correctional Facility to Southport Correctional Facility in early May of 2006. He initially filed and supplemented an institutional personal property claim pursuant to 7 NYCRR part 1700, and exhausted that administrative remedy before proceeding in this court under Court of Claims Act § 10 (9). Mr. Green seeks summary judgment in lieu of a complaint for an unstated sum, or, if denied, the conversion of his motion papers to a claim. Defendant has opposed the motion on the grounds that CPLR 3213 does not authorize the relief sought by claimant, that the form of service effected in this matter was improper, and that relief under CPLR 3213 is not a remedy authorized against the State of New York. Each of the grounds asserted by defendant support denial of the motion.
CPLR 3213 states, in pertinent part, “[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint” (emphasis added). That limitation on the applicability of the statute has been characterized as “stringent” (see Weissman v Sinorm Deli, 88 NY2d 437, 443 [1996]). Here, claimant has attempted to make use of that form of action to secure recovery for a matter not authorized within the statute. The inmate claim form and its supplements cannot be deemed an “instrument for the payment of money only,” since no explicit promise to pay a sum certain is set forth within the face of the document, and outside proof is needed to establish any obligation (see Weissman, 88 NY2d at 444-445). Further, nothing within the papers would support that the institutional claim somehow became reduced to a judgment. Thus, and assuming that the jurisdiction of the Court of Claims extends to such a remedy, claimant’s motion must be denied in this instance.
*436 As a second ground for denial defendant has urged that the manner of service of the motion papers herein — undisputedly by ordinary mail — was insufficient to acquire personal jurisdiction over the State. The court agrees. The expedited relief provided for under CPLR 3213 is in the form of a “motion-action” (Schulz v Barrows, 94 NY2d 624, 628 [2000]; see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3213:l, at 406). “It is in effect a plenary action brought on with the facility of a mere motion” (id.). For that reason such relief can only be considered where jurisdiction has first been gained over the person of the defendant (Biological Concepts v Rudel, 159 AD2d 32 [1990]). Pursuant to Court of Claims Act § 11 (a) (i) service upon the Attorney General personally or by certified mail, return receipt requested, are established as the only two methods by which a claim against the State can be commenced in this court. Service by ordinary mail is insufficient to acquire personal jurisdiction over defendant (Govan v State of New York, 301 AD2d 757 [2003], lv denied 99 NY2d 510 [2003]). The State has raised that defect in service in seeking dismissal herein, and cannot be deemed to have waived that jurisdictional defense (see Court of Claims Act § 11 [c]; Yihye v Blumenberg, 260 AD2d 371 [1999], lv denied 93 NY2d 813 [1999]). Thus, and again assuming that an action under CPLR 3213 could be pursued in this court, dismissal is required for lack of personal jurisdiction.
Lastly, the expedited relief set forth within CPLR 3213 must be deemed inapplicable to matters filed in the Court of Claims. That provision has no direct equivalent within the Court of Claims Act, and cannot be sufficiently harmonized with the court’s jurisdictional prerequisites to be recognized under the general practice provisions set forth within Court of Claims Act §§ 8 and 9 (9). Those sections direct that matters in this court are to be determined in accordance with the same rules of law and practice as apply to actions in Supreme Court, although subject to the jurisdictional limitations within article 2 of that statute (see § 8), as well as any inconsistent provisions within the Court of Claims Act, the court’s rules, or the CPLR (see § 9 [9]).
As previously noted, a motion for summary judgment in lieu of a complaint is a form of action. Under CPLR 304 an action in Supreme Court ordinarily is commenced “by filing a summons and complaint or summons with notice,” although CPLR 3213 provides a variation wherein the summons is ac *437 companied by a notice of motion and supporting papers in lieu of a complaint. It is the filing and service of the summons with notice, or the summons and accompanying pleading or motion, that invokes the court’s jurisdiction in Supreme Court (see CPLR 304; see Parker v Mack, 61 NY2d 114 [1984] [service of summons that failed to recite nature of the action and relief sought, as required under CPLR 305 (b), and without complaint, rendered commencement a nullity]; Sangiacomo v County of Albany, 302 AD2d 769 [2003] [filing and service of complaint unaccompanied by summons rendered action a nullity]). In contrast, the concept of a summons is foreign to the practice in the Court of Claims. Instead, the jurisdiction of the court is invoked through the timely filing and service of a claim (Court of Claims Act § 10; see Dreger v New York State Thruway Auth., 81 NY2d 721 [1992]). A second jurisdictional distinction relates to the pleadings themselves. Neither CPLR 3213, nor the related summary judgment provisions of CPLR 3212 (b), necessitate that any specific allegations be made within the supporting affidavit as a jurisdictional requirement. Again, in contrast, in Court of Claims practice the claim must set forth certain allegations with jurisdictional consequence (see Court of Claims Act § 11 [b]; Lepkowski v State of New York, 1 NY3d 201 [2003]; Kolnacki v State of New York, 8 NY3d 277 [2007] [failure to recite total sum claimed, as set forth within Court of Claims Act § 11 (b) is a jurisdictional defect]). Verification of the claim is similarly set forth as a requirement, albeit waivable (see Court of Claims Act § 11 [b], [c] [iii]; Lepkowski, 1 NY3d at 209-210). Any effort at formulating a remedy under CPLR 3213 through the selective disregard of pleading and verification provisions set forth within the Court of Claims Act would run afoul of the well-recognized caution that “[b]ecause suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed” (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999], quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; see Lepkowski, 1 NY3d at 206-207; Kolnacki, 8 NY3d at 280). For those reasons claimant’s attempt to make use of CPLR 3213 to obtain expedited relief in this court must be rejected.
Based upon the above, the motion is denied and dismissed. Claimant’s alternative request that the motion and answering *438 papers be deemed the pleadings herein is denied. Dismissal is without prejudice to the pursuit of a claim under Court of Claims Act §§ 10, 11 and 11-a to the extent timely.