*263 OPINION OF THE COURT
Elizabeth H. Emerson, J.
It is ordered that this motion by the plaintiff for summary judgment in lieu of complaint is dismissed.
A motion for summary judgment in lieu of complaint is a form of action (see Green v State of New York, 16 Misc 3d 434, 436 [2007]). Under CPLR 304, an action in Supreme Court ordinarily is commenced by filing a summons and complaint or summons with notice. CPLR 3213 provides a variation in which the summons is accompanied by a notice of motion and supporting papers in lieu of a complaint. It is the filing and service of the summons with notice or the summons and accompanying pleading or motion that invokes the court’s jurisdiction in Supreme Court (id. at 436-437, citing Parker v Mack, 61 NY2d 114 [1984], and Sangiacomo v County of Albany, 302 AD2d 769 [2003]).
A summons is not included among the papers served and filed by the plaintiff in connection with the instant motion for summary judgment in lieu of complaint. While defects in filing are waived if the party appears and litigates on the merits, nonfiling of the papers necessary to institute the action is a nonwaivable, jurisdictional defect rendering the action or proceeding a nullity (see Matter of Miller v Waters, 51 AD3d 113, 116 [2008]; Sangiacomo v County of Albany at 770-771). When, as here, there is a nonfiling, the subject matter jurisdiction of the court has not been invoked, and the defendant’s participation in the action does not constitute a waiver (see Sangiacomo v County of Albany at 771-772). The plaintiff, by not filing the summons, failed to commence the action (id. at 772). Moreover, since the jurisdictional defect relates to commencement of the action and not to service of process, the defendant had no obligation to move pursuant to CPLR 3211 (e) (id. at 772; see also Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:ll).
CPLR 2001, as amended in 2007, gives the court broad discretion to correct or disregard mistakes, omissions, defects, or irregularities at any stage of an action, including the filing of a summons with notice, summons and complaint, or other mistakes in the filing process. Although the language of the amended statute is broad, it is clear from the legislative history that it was not intended to allow the courts to create subject matter jurisdiction where it does not exist (see Matter of Miller *264 v Waters at 117). The sponsors of the amendment listed three specific Court of Appeals cases that prompted the amendment, all of which involved waivable defects in the commencement process rather than errors that affected the court’s subject matter jurisdiction (id.). Further, the Sponsor’s Memorandum and the Report of the Advisory Committee explicitly noted that it was not the intention of the Legislature to overrule Parker v Mack (supra), which involved a defect impacting the court’s subject matter jurisdiction (51 AD3d at 117). Indeed, the Sponsor’s Memorandum warned, “[T]he purpose of this measure is to clarify that a mistake in the method of filing, AS OPPOSED TO A MISTAKE IN WHAT IS FILED, is a mistake subject to correction in the court’s discretion” (id. at 118). Thus, the plaintiffs failure to file a summons in commencing the action is not the type of error that falls within the court’s discretion to correct under CPLR 2001.
In view of the foregoing, the court finds that it does not have the power to adjudicate this matter. Accordingly, the action is dismissed.