In the Matter of EUGENE PETERKIN, Respondent, v MARCY HOUSES, Appellant. [928 NYS2d 474]—

A special proceeding is "commenced by filing a petition" (CPLR 304; *see Matter of Montecalvo v Columbia County*, 274 AD2d 868, 869 [2000]). "The failure to file the initial papers necessary to institute a proceeding constitutes a nonwaivable jurisdictional defect rendering the proceeding a nullity" (*Matter of One Beacon Ins. Co./CGU Ins. Co. v Daly*, 7 AD3d 717, 718 [2004]). Here, since the petitioner failed to file the petition, the "proceeding" was a nullity (*see Matter of Parkinson v Leahy*, 277 AD2d 810, 811 [2000]). Therefore, the Supreme Court should have granted that branch of the appellant's motion which was to dismiss the "proceeding" pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction.

Alternatively, since the appellant demonstrated that it was never served with the petition, the Supreme Court should have granted that branch of its motion which was to dismiss the "proceeding" pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction (*see Matter of Ortiz v State of N.Y. Off. of Children & Family Servs.*, 66 AD3d 1026, 1027 [2009]; *see also Matter of Barclay v State of New York Dept. of Correctional Servs.*, 22 AD3d 974 [2005]).

In light of our determination, we need not address the appellant's remaining contentions. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.