■ MARTIN O'BRIEN, Respondent, v DIOMARIS CONTRERAS, Appellant. [6 NYS3d 273]—

Appeal by the defendant from an order of the Supreme Court, Suffolk County (Spinner, J.), dated September 10, 2013, which granted the plaintiff's motion, inter alia, to modify the terms of an agreement between the parties dated March 18, 2006.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to Supreme Court, Suffolk County, for the entry of a judgment dismissing the motion and the purported action.

Under CPLR 304, an action in Supreme Court is ordinarily commenced "by filing a summons and complaint or summons with notice" (CPLR 304 [a]). The failure to file the initial papers necessary to institute an action constitutes a nonwaivable, jurisdictional defect, rendering the action a nullity (*see Matter of Miller v Waters*, 51 AD3d 113, 116 [2008]; *Sangiacomo v County of Albany*, 302 AD2d 769, 771 [2003]; *Giaquinto v Long Is. Rubbish Removal E. Corp.*, 32 Misc 3d 262, 263 [2011]; *see also Matter of Peterkin v Marcy Houses*, 87 AD3d 649, 650 [2011]).

Here, while the plaintiff obtained an index number and moved, by order to show cause, to, among other things, modify the terms of an agreement dated March 18, 2006, he never filed or served a summons or a complaint. In light of this failure to file, the jurisdiction of the court was never invoked and the purported action was a nullity (*see Matter of Miller v Waters*, 51 AD3d at 116; *Giaquinto v Long Is. Rubbish Removal E. Corp.*, 32 Misc 3d at 263; *see also Matter of Peterkin v Marcy Houses*, 87 AD3d at 650).

Although CPLR 2001, as amended in 2007, gives the court broad discretion to correct or disregard mistakes, omissions,

defects, or irregularities at any stage of an action, including mistakes in the filing process, appellate courts, guided by the legislative history, have made it clear that the complete failure to file the initial papers necessary to institute an action is not the type of error that falls within the court's discretion to correct under CPLR 2001 (*see e.g. Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 328 [2011]; *Grskovic v Holmes*, 111 AD3d 234, 240 [2013]; *Matter of Miller v Waters*, 51 AD3d at 117-118).

Accordingly, the order must be reversed, and the plaintiff's motion and his purported action must be dismissed.

In light of this determination, we need not address the defendant's contention regarding the Supreme Court's interpretation of the agreement at issue.

The defendant's remaining contention, concerning the conduct of the plaintiff's attorney, is without merit. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.