■ WESCO INSURANCE COMPANY, Appellant, v DOUGLAS VIN-SON et al., Respondents. [26 NYS3d 870]—

Appeals by Wesco Insurance Company from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated February 20, 2015, (2) an amended order of the same court, dated March 25, 2015, and (3) a judgment of the same court, also dated March 25, 2015, which, upon the amended order dated March 25, 2015, inter alia, is in favor of Douglas Vinson and Spiegel Brown & Fichera, LLP, and against it "dismissing this action."

Ordered that the appeals from the order and the amended order are dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof "dismissing this action" and substituting therefor a provision dismissing the purported action as a

nullity; as so modified, the judgment is affirmed, with one bill of costs to Spiegel Brown & Fichera, LLP, the motion of Wesco Insurance Company to fix a workers' compensation lien is dismissed, and the order and amended order are modified accordingly.

The appeals from the order and the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the purported action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order and amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Wesco Insurance Company (hereinafter Wesco) obtained an index number and moved, by order to show cause, to fix the amount of its workers' compensation lien in the sum of $20,030.01 pursuant to Workers' Compensation Law § 29. The Supreme Court, inter alia, entered judgment dated March 25, 2015, which, upon reaching the merits of Wesco's motion in the order and amended order appealed from, is in favor of Douglas Vinson and Spiegel Brown & Fichera, LLP, and against Wesco. We modify.

In the Supreme Court, pursuant to CPLR 304, an action is ordinarily commenced "by filing a summons and complaint or summons with notice," and a special proceeding is ordinarily commenced "by filing a petition" (CPLR 304 [a]). The failure to file the papers necessary to institute an action or a proceeding constitutes a nonwaivable, jurisdictional defect, rendering the action or proceeding a nullity (*see O'Brien v Contreras*, 126 AD3d 958, 958 [2015]; *Matter of Peterkin v Marcy Houses*, 87 AD3d 649, 650 [2011]; *Matter of Miller v Waters*, 51 AD3d 113, 116 [2008]; *Sangiacomo v County of Albany*, 302 AD2d 769 [2003]; *cf. Matter of Clavin v Mitchell*, 131 AD3d 612 [2015]). Although Wesco obtained an index number and moved to fix the amount of its workers' compensation lien pursuant to Workers' Compensation Law § 29, Wesco did not file or serve a summons, a complaint, or a petition. In light of this failure to file, the jurisdiction of the Supreme Court was never invoked and the purported action or proceeding was a nullity (*see O'Brien v Contreras*, 126 AD3d at 958; *Matter of Peterkin v Marcy Houses*, 87 AD3d at 650; *Matter of Miller v Waters*, 51 AD3d at 116).

Furthermore, Wesco's complete failure to file the initial papers necessary to commence an action or a proceeding is not the type of error that falls within the court's discretion to correct under CPLR 2001 (*see e.g. Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 328 [2011]; *O'Brien v*

*Contreras*, 126 AD3d at 959; *Grskovic v Holmes*, 111 AD3d 234, 240 [2013]). Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.