*685 OPINION OF THE COURT
Dawn Jimenez-Salta, J.
Plaintiff’s order to show cause brought forth against the City of New York, the New York City Department of Environmental Protection, Office of the Sheriff of the City of New York, Kings Law Enforcement Bureau, and the New York City Department of Housing Preservation and Development is resolved as follows: This court declines to enter a decision on the merits of plaintiffs request for relief in its order to show cause. Due to a filing error, this court has no subject matter jurisdiction to issue a decision based on the merits of plaintiff’s request for relief. (See O’Brien v Contreras, 126 AD3d 958 [2d Dept 2015].) The City’s motion for an order deeming plaintiff’s action a nullity pursuant to CPLR 304 and for an order dismissing plaintiff’s action for failure to timely serve the unfiled summons with notice pursuant to CPLR 306-b is granted.
Plaintiff brought forth its order to show cause on March 29, 2016. However, at the time, due to what appears to be a clerical oversight, there was no underlying pleading filed with the Clerk of the Court. In the State of New York, pursuant to CPLR 304 (a), “An action is commenced by filing a summons and complaint or summons with notice in accordance with rule twenty-one hundred two of this chapter.”[1] Furthermore, “[t]he failure to file the initial papers necessary to institute an action constitutes a nonwaivable, jurisdictional defect, rendering the action a nullity.” (See O'Brien, 126 AD3d at 958 [despite obtaining an index number and moving by order to show cause, plaintiff failed to file a summons and complaint and thus the court’s jurisdiction was never invoked] [citations omitted].) Accordingly, this court lacks subject matter jurisdiction to adjudicate this matter or grant plaintiff’s request for relief.
This court does not doubt, based on the assignment of the index number and the acceptance for filing of the order to show cause, that plaintiff’s counsel had a good faith basis to believe that the summons and complaint had been accepted for filing with the Clerk of the Court at the time this action was com *686 menced.[2] Furthermore, this court has no reason to doubt plaintiffs counsel’s assertion that the clerk in the ex parte motions office insisted that the office would not accept an order to show cause for filing unless the action was commenced via the filing of a summons pursuant to CPLR 304. It is clear that plaintiff’s counsel operated under his good faith assumption that this action was properly commenced.
*685 “(a) Except where otherwise prescribed by law or order of court, papers required to be filed shall be filed with the clerk of the court in which the action is triable. In an action or proceeding in supreme or county court and in a proceeding not brought in a court, papers required to be filed shall be filed with the clerk of the county in which the proceeding is brought.”
*686 However, all of these circumstances cannot change the fact that no underlying pleading was filed at the time plaintiff commenced this action. This court has no discretion to waive such a defect. “[C]omplete failure to file the initial papers necessary to institute an action is not the type of error that falls within the court’s discretion to correct under CPLR 2001.” (See O’Brien, 126 AD3d at 959 [citations omitted].) Plaintiff’s counsel is mistaken in his assertion that the action was properly commenced by the filing of an order to show cause, payment of a request for judicial intervention and purchase of an index number.
This court agrees with plaintiff’s assertion that CPLR 306-a should have precluded the assignment of an index number to the action without a prior filing of a summons with notice. However, the summons with notice was never properly filed with the Clerk of the Court. As a consequence, no legal action was commenced and the subsequently served summons with notice is invalid. Even if this court were to grant plaintiff permission to extend the time to serve the summons with notice pursuant to CPLR 306-b, this would still not cure plaintiff’s failure to commence the action due to the underlying filing defect. (See Hollowell v Decaro, 118 AD3d 749 [2d Dept 2014].)
Defendant City timely filed its motion pursuant to CPLR 304 and 306-b in response to plaintiff’s late service of the summons with notice. Plaintiff served the summons with notice on August 1, 2016, and defendant City timely filed its motion on August 12, 2016, pursuant to CPLR 320.
For all the reasons set forth above, this court dismisses plaintiff’s case pursuant to CPLR 304.
It is hereby ordered that defendant City’s motion for an order deeming plaintiff’s action a nullity pursuant to CPLR 304 and for an order dismissing plaintiff’s action for failure to *687 timely serve the unfiled summons with notice pursuant to CPLR 306-b is granted; ordered that plaintiff’s order to show cause is denied as moot.

. CPLR 2102 states in relevant part,

. See affirmation of plaintiff in opposition to motion to dismiss, Oct. 25, 2016.