██ MARIA DiSILVIO et al., Respondents, v SALVATORE ROMANELLI, Appellant. STEVEN R. SCHLESINGER et al., Nonparty Respondents. [56 NYS3d 162]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered October 16, 2014, which denied his motion to punish the plaintiffs and nonparties Steven R. Schlesinger, Jaspan Schlesinger, LLP, Jon N. Santemma, and Santemma & Deutsch for criminal and civil contempt of court, authorize the New York State Grievance Committee for the 10th Judicial District to investigate those nonparties, and require the plaintiffs and those nonparties to comply with the terms of a so-ordered stipulation dated July 31, 1997, and granted those branches of the cross motion of the plaintiffs and the nonparties Steven R. Schlesinger and Jaspan Schlesinger, LLP, which were to permanently enjoin him from filing any additional papers in the instant action or a related action he commenced in 2008 entitled *Romanelli v DiSilvio* (2008 NY Slip Op 32860[U] [Sup Ct, Nassau County 2008]), or from commencing any new action against the plaintiffs or nonparties Steven R. Schlesinger and Jaspan Schlesinger, LLP, without prior court approval, and (2) an order of the same court dated April 7, 2015, which denied his application for court approval to serve and file a motion pursuant to CPLR 5525 (c) to settle a transcript dated February 7, 1997.

Ordered that on the Court's own motion, the notice of appeal from the order dated April 7, 2015, is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs-respondents and the nonparty-respondents, appearing separately and filing separate briefs.

The defendant (hereinafter the appellant) and the plaintiffs, who are the appellant's sisters (hereinafter the sisters), are the former members of a partnership known as Tri-Equity Partnership that acquired title to real property in Lynbrook. After a dispute arose between the parties, the sisters commenced this action against the appellant in 1996, which was resolved by a stipulation of settlement that was so-ordered by the Supreme Court on July 31, 1997. Subsequently, the appellant commenced a separate action against the sisters in 2008 entitled *Romanelli v DiSilvio* (2008 NY Slip Op 32860[U] [Sup Ct, Nassau County 2008] [hereinafter the 2008 Action]), based upon his allegations that the sisters breached certain terms of the stipulation of settlement. In 2011, the Supreme Court, inter alia, granted the sisters' motion for summary judgment dismissing the complaint in the 2008 Action. In the instant action, the appellant essentially moves for the same relief he sought against the sisters in the 2008 Action. He also moves for relief against the nonparties, Steven R. Schlesinger, Jaspan Schlesinger, LLP, Jon N. Santemma, and Santemma & Deutsch (hereinafter the nonparty-respondents), although he never commenced a third-party action against them.

Under CPLR 304 (a), an action in Supreme Court is ordinarily commenced "by filing a summons and complaint or summons with notice." The failure to file the initial papers necessary to commence an action constitutes a nonwaivable, jurisdictional defect, rendering the action a nullity (*see Wesco Ins. Co. v Vinson*, 137 AD3d 1114, 1115 [2016]; *O'Brien v Contreras*, 126 AD3d 958 [2015]). Here, the appellant undertook no steps to commence a third-party action, despite his unilateral amendment of the caption of the action in his motion papers to include the nonparty respondents as "third-party defendants." Consequently, the jurisdiction of the court was never invoked and the purported third-party action was a nullity (*see Wesco Ins. Co. v Vinson*, 137 AD3d at 1115; *O'Brien v Contreras*, 126 AD3d at 958). As a result, all relief sought by the appellant against the nonparty-respondents was properly denied.

The appellant's claims that the sisters failed to comply with the terms of the so-ordered stipulation dated July 31, 1997, were raised and finally determined in the 2008 Action. Those claims are, therefore, barred by the doctrines of res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Mat-*

*ter of City of New York v Schmitt*, 50 AD3d 1032, 1033-1034 [2008]) and collateral estoppel (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001]; *Gilberg v Barbieri*, 53 NY2d 285, 291-292 [1981]), and the Supreme Court properly denied the relief the appellant sought against the sisters.

"[P]ublic policy mandates free access to the courts and zealous advocacy is an essential component of our legal system" (*Sassower v Signorelli*, 99 AD2d 358, 359 [1984]). However, where there has been an abuse of judicial process, the court may enjoin a litigant from further actions or motion practice without prior written approval of the court (*see Scholar v Timinisky*, 87 AD3d 577, 579 [2011]; *Dimery v Ulster Sav. Bank*, 82 AD3d 1034, 1035 [2011]; *Vogelgesang v Vogelgesang*, 71 AD3d 1132, 1134 [2010]; *Mancini v Mancini*, 269 AD2d 366 [2000]; *Berson v Berson*, 265 AD2d 439, 440 [1999]; *Sassower v Signorelli*, 99 AD2d at 359-360). Since an abuse of the judicial process occurred in this case, the Supreme Court properly granted those branches of the cross motion of the plaintiffs and the nonparties Steven R. Schlesinger and Jaspan Schlesinger, LLP, which were to permanently enjoin the appellant from filing any additional papers in the instant action or the 2008 Action, or from commencing any new action against the plaintiffs or those nonparties, without prior court approval (*see Scholar v Timinisky*, 87 AD3d at 579; *Dimery v Ulster Sav. Bank*, 82 AD3d at 1035; *Vogelgesang v Vogelgesang*, 71 AD3d at 1134; *Mancini v Mancini*, 269 AD2d at 366-367; *Berson v Berson*, 265 AD2d at 440; *Sassower v Signorelli*, 99 AD2d at 359-360).

Lastly, the Supreme Court did not improvidently exercise its discretion in denying the appellant's application, in effect, for leave to serve and file a motion pursuant to CPLR 5525 (c), to settle the transcript dated February 7, 1997, in the instant action. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.