Alliance to End Chickens as Kaporos v New York City Police Dept. (2018 NY Slip Op 07694)

Alliance to End Chickens as Kaporos v New York City Police Dept.

2018 NY Slip Op 07694 [32 NY3d 1091]

November 14, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 30, 2019

[*1]

The Alliance to End Chickens as Kaporos et al., Appellants,
v
New York City Police Department et al., Respondents, et al., Defendants.

Argued October 17, 2018; decided November 14, 2018

Alliance to End Chickens as Kaporos v New York City Police Dept., 152 AD3d 113, affirmed.

APPEARANCES OF COUNSEL

Law Office of Nora Constance Marino, Great Neck (Nora Constance Marino and Brad Landau of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York City (Elina Druker, Richard Dearing and Jane L. Gordon of counsel), for respondents.
Vinson & Elkins LLP, Washington, D.C. (Jason A. Levine and Christian D. Sheehan of counsel) and New York City (Ari M. Berman and Laurel S. Fensterstock of counsel), First Liberty Institute, Plano, Texas (Kelly J. Shackelford, Jeremiah G. Dys, Roger L. Byron and Stephanie N. Taub of counsel), and Agudath Israel of America, New York City (Mordechai Biser of counsel), for Agudath Israel of America, amicus curiae.
Richmond Law Group, Brooklyn (Jay Shooster of counsel), for Animal Legal Defense Fund, amicus curiae.

{**32 NY3d at 1092} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division dismissing the pleading against the City defendants should be affirmed, with costs.

Plaintiffs appeal the Appellate Division's affirmance of an order denying their request for a writ of mandamus to compel the New York City Police Department and the New York City Department of Health and Mental Hygiene to enforce certain laws related to preserving public health and preventing animal cruelty (152 AD3d 113 [1st Dept 2017]). Plaintiffs allege those{**32 NY3d at 1093} laws are routinely violated when thousands of chickens are killed during the religious practice of Kaporos performed in certain Brooklyn neighborhoods prior to Yom Kippur.
[*2]
A writ of mandamus "is an 'extraordinary remedy' that is 'available only in limited circumstances' " (Matter of County of Chemung v Shah, 28 NY3d 244, 266 [2016], quoting Klostermann v Cuomo, 61 NY2d 525, 537 [1984]). Such remedy will lie "only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; see also CPLR 7803 [1]). While mandamus to compel " 'is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which [a public] officer may exercise judgment or discretion' " (Klostermann, 61 NY2d at 539, quoting Matter of Gimprich v Board of Educ. of City of N.Y., 306 NY 401, 406 [1954]). Discretionary acts " 'involve[ ] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (New York Civ. Liberties Union, 4 NY3d at 184, quoting Tango v Tulevech, 61 NY2d 34, 41 [1983]). Further, mandamus may only issue to compel a public officer to execute a legal duty; it may not " 'direct how [the officer] shall perform that duty' " (Klostermann, 61 NY2d at 540, quoting People ex rel. Schau v McWilliams, 185 NY 92, 100 [1906]).
Enforcement of the laws cited by plaintiffs would involve some exercise of discretion (see Castle Rock v Gonzales, 545 US 748, 760-761 [2005]). Moreover, plaintiffs do not seek to compel the performance of ministerial duties but, rather, seek to compel a particular outcome. Accordingly, mandamus is not the appropriate vehicle for the relief sought (see Matter of Walsh v LaGuardia, 269 NY 437, 440-441 [1936]).
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur; Judge Feinman taking no part.
Order affirmed, with costs, in a memorandum.