Park Premium Enters., Inc. v Norben Lofts, LLC (2023 NY Slip Op 04971)

Park Premium Enters., Inc. v Norben Lofts, LLC

2023 NY Slip Op 04971

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2021-07874
 (Index No. 54447/20)

[*1]Park Premium Enterprises, Inc., etc., appellant,
v
Norben Lofts, LLC, et al., respondents, et al., defendants.

Abigail Shvartsman, P.C., Brooklyn, NY, for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Harry J. Nicolay, Jr., and Scott M. Salant of counsel), for respondents.

DECISION & ORDER
Appeal by Park Premium Enterprises, Inc., from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated September 21, 2021. The order granted the motion of Norben Lofts, LLC, and David Eckstein pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and to cancel a notice of pendency.
ORDERED that the order is affirmed, with costs.
Park Premium Enterprises, Inc. (hereinafter Park Premium), filed a complaint without a summons on March 19, 2020, seeking, inter alia, to recover damages for breach of contract related to alleged non-payment for construction work performed on certain real property. The complaint named as defendants Norben Lofts, LLC (hereinafter Norben Lofts), and David Eckstein, among others. On the same day that it filed the complaint, Park Premium filed a notice of pendency against the subject property.
Norben Lofts and Eckstein moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the ground, among others, that the purported action was a nullity as no summons had been filed, and to cancel the notice of pendency. In an order dated September 21, 2021, the Supreme Court granted the motion. Park Premium appeals.
Pursuant to CPLR 304(a), an action is ordinarily commenced "by filing a summons and complaint or summons with notice." "The failure to file the initial papers necessary to institute an action constitutes a nonwaivable, jurisdictional defect, rendering the action a nullity" (O'Brien v Contreras, 126 AD3d 958, 958; see DiSilvio v Romanelli, 150 AD3d 1078, 1079; Wesco Ins. Co. v Vinson, 137 AD3d 1114, 1115). Here, since Park Premium did not file or serve a summons, "the jurisdiction of the court was never invoked and the purported action was a nullity" (O'Brien v Contreras, 126 AD3d at 958; see DiSilvio v Romanelli, 150 AD3d at 1079; Wesco Ins. Co. v Vinson, 137 AD3d at 1115).
The contention of Park Premium that the time in which to commence an action was tolled by a series of executive orders issued by Governor Andrew Cuomo (see Brash v Richards, 195 [*2]AD3d 582) is misplaced, as no time period is at issue. Rather, in order to commence an action, Park Premium was required to file a summons and complaint, and the failure to do so warranted dismissal of the complaint.
The contention of Park Premium that the failure to file a summons should have been disregarded pursuant to CPLR 2001 is improperly raised for the first time on appeal, and, in any event, without merit, as "the complete failure to file the initial papers necessary to institute an action is not the type of error that falls within the court's discretion to correct under CPLR 2001" (O'Brien v Contreras, 126 AD3d at 959; see Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 327-328). The contention of Park Premium that it filed a summons after submitting its opposition to the subject motion is based upon matter outside of the record on appeal and is not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the motion of Norben Lofts and Eckstein which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. Furthermore, upon granting that branch of the motion which was to dismiss the complaint insofar as asserted against Norben Lofts and Eckstein, the court properly granted that branch of the motion which was to cancel the notice of pendency (see CPLR 6514[a]).
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court