Matter of Demar Plumbing Corp. v City of New York (2024 NY Slip Op 05021)

Matter of Demar Plumbing Corp. v City of New York

2024 NY Slip Op 05021

Decided on October 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 160544/22 Appeal No. 2775-2775A Case No. 2023-01651 

[*1]In the Matter of Demar Plumbing Corp. et al., Petitioners-Appellants,
v
The City of New York et al., Respondents-Respondents.

Gil V. Perez, New York, for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondents.

Judgment, Supreme Court, New York County (Richard Latin, J.), entered March 24, 2023, dismissing this CPLR article 78 proceeding to, among other things, direct respondents to produce discovery, to review the conduct of prior hearings, and to dispense with further hearings by respondent Officer of Administrative Trials and Hearings (OATH) concerning any violations by respondent Department of Buildings (DOB) until the discovery is provided, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 19, 2023, which granted respondents' cross-motion to deny petitioner's application, dismissed the petition, and directed entry of the aforesaid judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
We find no procedural defect in the administrative finding by OATH against petitioners on their default based on their failure to appear at the hearing held December 12, 2022 (Rules of OATH Hearings Division [48 RCNY] 6-20[a]). On that date, there was no order in place enjoining prosecution of the charges brought by the DOB against petitioners. Instead, the order to show cause by which this proceeding was commenced, containing a temporary restraining order enjoining the DOB "from further prosecution of the [c]harges" against petitioners pending a hearing in this special proceeding, was signed on December 14, 2022 and entered the following day. Nor did OATH violate the temporary restraining order by processing the default, advising petitioners of the penalties due, or accepting payment in full from petitioners, as the order by its terms enjoined only the DOB (see 48 RCNY 6-20[b], [c]).
Petitioners also failed to exhaust their administrative remedies before seeking review of the DOB's purported noncompliance with OATH discovery regulations and OATH's application of those regulations (see CPLR 7801[1]; 48 RCNY 6-07; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194-195 [2007]). Had petitioners attended the final hearing date, they could have appealed an adverse decision administratively (48 RCNY 6-19[a][1][i]; see Matter of Nayci Contr. Assoc., LLC v New York City Dept. of Consumer Affairs, 170 AD3d 435, 436 [1st Dept 2019]). Further, payment of the fines in full would not be deemed an admission of liability because such payment is generally required to appeal (48 RCNY 6-19[a][1][iii]). Indeed, even after being found in default, petitioners had 75 days to request a new hearing, which would have been granted automatically (48 RCNY 6-21[b]). That they chose to pay the fine in full without seeking relief from their default establishes their failure to exhaust administrative remedies, as regulations bar an appeal of "a decision rendered on default" (48 RCNY 6-19[a][2]).
Petitioners also failed to demonstrate a clear legal right for a writ of mandamus to compel the DOB to produce additional discovery, or to compel OATH to order the DOB to produce additional discovery, as mandamus [*2]does not lie to compel a discretionary act rather than a ministerial one (see CPLR 7803[1]; Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018]). By regulation, petitioners are "entitled to receive from the opposing party a list of the names of witnesses who may be called and copies of documents intended to be submitted into evidence," but any other documents, including items in the DOB's files that the DOB does not intend to submit into evidence, must be sought by motion before an OATH hearing officer and may be granted "as is deemed appropriate" by the hearing officer "in his or her discretion" (48 RCNY 6-07[a], [b]). Neither party disputes that the DOB provided petitioner with some documentation and ultimately resolved to proceed upon the summonses only, which is authorized by rule (48 RCNY 6-12[b]). Because petitioners already had copies of the summonses, they received the discovery to which they were entitled (48 RCNY 6-07[a]).
Finally, we note that petitioners failed to demonstrate a clear legal right to a writ of prohibition that would prevent the DOB and OATH from proceeding with the administrative case, as this proceeding does not present "a substantial claim of an absence of jurisdiction or an act in excess of jurisdiction" (Matter of Trump v Engoron, 222 AD3d 505, 506 [1st Dept 2023]; see CPLR 7803[2]; Administrative Code of City of NY § 28-201.3; New York City Charter § 1049-a[a], [d][1][a]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2024