Matter of Hans-Gaston v Sunshine (2025 NY Slip Op 25241)

[*1]

Matter of Hans-Gaston v Sunshine

2025 NY Slip Op 25241

Decided on November 7, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 7, 2025
Supreme Court, Kings County

In the Matter of the Application of Principal Hans-Gaston for a judgment pursuant to CPLR Article 78, Petitioner,

against
Nancy T. Sunshine, in her official capacity as Clerk of the Supreme Court, Kings County, Respondent.

Index No. 680/2025

Aaron D. Maslow, J.

The following papers were used in this special proceeding:
Submitted by petitioner: notice of petition, verified petition & exhibits; reply affirmation & exhibits
Submitted by respondent: affirmation of Niaa C. Daniels & exhibits
Also considered by the Court: application for cover page, waiver of costs order, RJI, order & motion papers in Hans-Gaston v Comunilife, Inc., Supreme Court, Kings County, Index No. 622/2025 [FN1]

Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within Article 78 special proceeding is determined as hereinafter set forth.
Issue Presented
Petitioner challenges the procedure adopted by Respondent Kings County Clerk with respect to accepting for filing applications pursuant to CPLR 325 (b) which seek a removal of an action from a court of lesser jurisdiction, in particular the Civil Court, to the Supreme Court.
Specifically, the issue presented is whether a county clerk, in the performance of the duties of the clerk of the Supreme Court, may impose a requirement that when an application, [*2]referred to as a "motion" in CPLR 325 (d), is made by a party to remove an action from a lower court to the Supreme Court, it be made by petition commencing a special proceeding (or by summons and complaint or summons with notice commencing an action), instead of by a motion existing outside the contours of a special proceeding or an action. This Court has not located any Court of Appeals or Appellate Division decisions directly on point. Neither was it able to locate any Supreme Court decisions on this issue.
The particular statutory provision involved states as follows: "From court of limited jurisdiction. Where it appears that the court in which an action is pending does not have jurisdiction to grant the relief to which the parties are entitled, a court having such jurisdiction may remove the action to itself upon motion. A waiver of jury trial in the first court is inoperative after the removal." (CPLR 325 [b].)
Background
On or about August 16, 2024, Petitioner Principal Hans-Gaston commenced an action in the New York City Civil Court, Kings County ("Kings County Civil Court"), seeking $50,000 in damages for personal injuries from non-party Comunilife, Inc. ("Comunilife"), allegedly due to a failure on the part of the latter to provide service in the course of assisting vulnerable communities with housing and culturally sensitive support services. The action was assigned Kings County Civil Court Index No. CV-018171-24/KI.
In March 2025, by which time Petitioner had added non-party Rebecca Canty, alleged to be Comunilife's program director, as a defendant in the Civil Court action, Petitioner moved in Civil Court for leave to amend and/or transfer the action to the Supreme Court. Petitioner now sought $250,000 for his alleged personal injuries. Kings County Civil Court (Hon. Monique J. Holaman, J.C.C.) denied Petitioner's motion.
In or about June 2025, Petitioner attempted to file a notice of motion and supporting papers with the office of Respondent Kings County Clerk. By now, Petitioner sought $1,000,000. He applied to remove his Kings County Civil Court action to Supreme Court, Kings County ("Kings County Supreme Court"). In doing so, he was rebuffed by Respondent Kings County Clerk's staff, who informed him that a mere notice of motion and supporting papers would not suffice. The record contains correspondence back and forth between Petitioner and staff at various units within Kings County Supreme Court, as well as allegations of statements made by them to Petitioner. Suffice it to say, Respondent Kings County Clerk's staff maintained that a special proceeding or an action had to be commenced in order for the Supreme Court to consider Petitioner's application to remove his action to said court. Respondent County Clerk reiterates this position in its papers filed in opposition herein.
Petitioner acquiesced and filed a notice of petition and petition to commence a special proceeding in which removal of the Civil Court action to Kings County Supreme Court was sought. Said special proceeding was assigned Kings County Supreme Court Index No. 622/2025. On October 27, 2025, the Court (Hon. Gina Abadi, J.S.C.) denied and dismissed the petition. In part, the Court held, "[I]t is improper for this court to remove this case from lower court based upon a proposed amended complaint."
In the within Article 78 special proceeding commenced on July 21, 2025 against Respondent Kings County Clerk, Petitioner seeks, inter alia, an order declaring Respondent's protocol for processing his CPLR 325 (b) motion arbitrary, unlawful and in violation of [*3]governing law and directing Respondent to properly accept and process CPLR 325 (b) filings.[FN2]

Discussion
This Article 78 special proceeding is in the nature of mandamus. Concerning mandamus, the Court of Appeals has said:
A writ of mandamus "is an 'extraordinary remedy' that is 'available only in limited circumstances' " (Matter of County of Chemung v Shah, 28 NY3d 244, 266 [2016], quoting Klostermann v Cuomo, 61 NY2d 525, 537 [1984]). Such remedy will lie "only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; see also CPLR 7803 [1]). While mandamus to compel " 'is an appropriate remedy to enforce the performance of a ministerial duty, it is well settled that it will not be awarded to compel an act in respect to which [a public] officer may exercise judgment or discretion' " (Klostermann, 61 NY2d at 539, quoting Matter of Gimprich v Board of Educ. of City of NY, 306 NY 401, 406 [1954]). Discretionary acts " 'involve[ ] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (New York Civ. Liberties Union, 4 NY3d at 184, quoting Tango v Tulevech, 61 NY2d 34, 41 [1983]). Further, mandamus may only issue to compel a public officer to execute a legal duty; it may not " 'direct how [the officer] shall perform that duty' " (Klostermann, 61 NY2d at 540, quoting People ex rel. Schau v McWilliams, 185 NY 92, 100 [1906]). (Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018].)
It is within these parameters that the Court determines the within petition.
A review of the issue posed in this case — whether the protocol of Respondent County Clerk, as clerk of the Supreme Court, for processing applications seeking removal of Civil Court actions to the Supreme Court is proper — entails a bit of discussion of the types of lawsuits filed and applications for relief within lawsuits.
In New York, "[t]here is only one form of civil action" (CPLR 103 [a]). "All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized" (id. 103 [b] [emphasis added]). A special proceeding "is initiated and prosecuted in much the same manner and with the same speed as a motion . . . , and is usually determined in a manner similar to summary judgment" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C103:2 [2024].) "Special proceedings are reserved for limited types of dispute resolution in which speed is desirable. . ." (id.).
"A special proceeding is a civil judicial proceeding in which a right can be established or an obligation enforced in summary fashion. Like an action, it ends in a judgment (CPLR 411), but the procedure is similar to that on a motion (CPLR 403, 409). Speed, economy and efficiency are the hallmarks of this procedure." (Id. CPLR C401:2.)
"Statutory authorization must exist for the use of a special proceeding to enforce a particular right" (id.). The Commentary continues:
Set forth below is an illustrative listing of provisions of the CPLR that authorize special proceedings for the resolution of certain types of matters:
• Proceeding against a body or officer (CPLR Article 78).
• First application arising out of an arbitrable controversy which is not made by motion in a pending action (CPLR 7502(a)).
• Proceeding against attachment garnishee to compel payment (CPLR 6214(d)).
• Determination of adverse claim to attached property (CPLR 6221).
• Order for payment of money out of court (CPLR 2606(2)).
• Proceeding relating to express trust (CPLR Article 77).
• Habeas corpus (CPLR Article 70).
• Settlement of claim of infant or person for whom guardian has been appointed for personal needs or property management (CPLR 1207).
• Miscellaneous procedures for enforcement of judgments (e.g., sale of homestead exceeding $50,000 in value (CPLR 5206(e)); to compel payment by person in possession of judgment debtor's property (CPLR 5225(b)); to compel payment of debts owed to judgment debtor (CPLR 5227); to determine adverse claims to property levied on under an execution (CPLR 5239))." (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C401:1 [2024].) The Commentary further states:
The following list provides examples of statutes authorizing special proceedings in miscellaneous other provisions of the Consolidated Laws of New York:
• Proceeding for appointment of a guardian for personal needs or property management (Mental Hygiene Law, Article 81).
• Summary proceeding to recover possession of real property (Real Property Actions and Proceedings Law, Article 7).
• Tax certiorari proceedings (Real Property Tax Law, Article 7).
• Election law disputes (Election Law, Article 16).
• Disposition of real property of infant or incompetent (Real Property Actions and Proceedings Law, Article 17).
• Judicial dissolution of corporations (Business Corporation Law, Article 11).
• Change of name proceeding (Civil Rights Law, Article 6).
• Custody and visitation of children (Domestic Relations Law § 240(1))." (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C401:1 [2024].)
Another special proceeding which comes to mind is one commenced pursuant to Real Property Actions and Proceedings Law § 881 to encroach on an adjacent property to make repairs on one's own.
In an action, the parties are denoted as plaintiff and defendant. In a special proceeding, [*4]the parties are denoted as petitioner and respondent (see CPLR 401). An action is commenced by way of a summons and complaint, a summons with notice or, in some instances, a summons with notice of motion for summary judgment in lieu of complaint can commence an action (see id. 304, 3213). A special proceeding is commenced by filing of a petition (see CPLR 304; Wesco Ins. Co. v Vinson, 137 AD3d 1114, 1115 2d Dept 2016]). The petition would be accompanied by a notice of petition or a proposed order to show cause (see CPLR 403 [a], [c]). However, as noted above, a special proceeding "must be based on specific statutory authorization" (Town of Johnstown v City of Gloversville, 36 AD2d 143 [3d Dept 1971]).
"The following thought may thus occur to the practitioner unfamiliar with the rules of practice: why, with all the advantages a special proceeding affords, should a plaintiff ever bother bringing a regular action? The answer is that a special proceeding may be used only when it is specifically authorized by law. CPLR 103(b) ('All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized.'); see Siegel & Connors, New York Practice §§ 4, 547 (6th ed. 2018)." (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2211:3 [2020].)
"A motion is an application for an order. A motion on notice is made when a notice of the motion or an order to show cause is served." (CPLR 2211.) "The resemblance that the special proceeding has to a motion is in its procedure. The special proceeding, while usually seeking a substantive right, is brought on with the same steps that bring on a motion. Compare CPLR 2214(b) (outlining notice requirements for motions) with CPLR 403(b) (outlining similar, but not identical, notice requirements for special proceedings). We may say, in fact, that the special proceeding is as plenary as an action, but is brought on with the facility and speed of a motion." (Patrick M. Connors, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C2211:3 [2020].)
"A special proceeding and a motion have sometimes been confused" (Matter of Callahan, 262 AD 398, 399 [3d Dept 1941]). Ordinarily, "[t]he difference between them is that the one is an application in a proceeding already pending or about to be commenced, on which it depends for jurisdiction, while the other is an independent prosecution of a remedy, in which jurisdiction is obtained by original process. A motion is not a remedy but is based upon some remedy and is always connected with and dependent upon the principal remedy." (Id.)[FN3]

"Since a motion is an application for an order, and an order is a piece of incidental relief within the framework of an action or special proceeding" (id. C2211:8), one might ask whether
all motions authorized by the CPLR would be housed within an action or special proceeding. That is not the case. The Advisory Committee intended to avoid giving the name of "motion" or "order" to applications that have no such context, see 2d Rep. Leg. Doc. (1958) No. 13, p. 180, but some appear to have slipped into the CPLR anyway. Among them are the application for disclosure from a person within the state for use in foreign litigation, CPLR 3102(e), the related procedure authorizing judicial aid for the service of papers upon local persons to aid foreign cases, CPLR 328(a), and the [*5]application for pre-action disclosure, CPLR 3102(c). See Siegel & Connors, New York Practice § 352 (6th ed. 2018). While an application for assistance under CPLR 328 can apparently be sought ex-parte, as a court order is not even required to serve papers in connection with a proceeding in a tribunal outside the state, CPLR 328(b), it has been held that an application for an order under CPLR 3102(e) must be on notice to the person or entity requested to provide the disclosure. Matter of Deloitte, Haskins and Sells, 146 Misc 2d 884, 552 N.Y.S.2d 1003 (Sup. Ct., New York County 1990); see Practice Commentary, CPLR 3102, C3102:9 ("Disclosure to Aid Foreign Proceedings"). (Id. [emphasis].)
Case law exists holding that a motion exists only incidental to an action or a special proceeding properly commenced through a summons and complaint or summons with notice, or a petition, respectively (e.g. Wesco Ins. Co. v Vinson, 137 AD3d 1114 [motion brought on by order to show cause to fix amount of workers' compensation lien]; O'Brien v Contreras, 126 AD3d 958 [2d Dept 2015]).
However, such a broad statement does not take into account that there are provisions in the CPLR for stand-alone applications, as noted in the above quoted CPLR Commentary. This was recognized in Town of Johnstown v City of Gloversville (36 AD2d at 145 [emphasis added]), where the Court stated, "Absent a specific statute permitting a motion to be made in the absence of an action or special proceeding (e.g., CPLR 3102, subd. [c]) there is no authority for a motion in the absence of a civil judicial proceeding which has not already been commenced," i.e., if a specific statute permits a motion to be made in the absence of an action or special proceeding, such motion can exist on a stand-alone basis.
It is noted that CPLR 325 (b) specifically refers to a motion as the vehicle by which one may apply to a court possessing jurisdiction to remove an action to it from a court not possessing jurisdiction. Although they are similar, a motion is not a special proceeding. A motion culminates in an order (see CPLR 2211), whereas a special proceeding culminates in a judgment (see CPLR 411). "A judgment is the determination of the rights of the parties in an action or special proceeding and may be either interlocutory or final. A judgment shall refer to, and state the result of, the verdict or decision, or recite the default upon which it is based." (CPLR 5011.)
An application to have a case removed to a court with greater jurisdiction will not culminate in determining the rights between the parties. Therefore, it would be inappropriate for such an application to culminate in a judgment, as would be required in a special proceeding (see CPLR 411).
Understandably, Respondent County Clerk feels the need to ensconce an application to remove a lower court action to the Supreme Court within a lawsuit: an action or a special proceeding. That would facilitate recordkeeping, assigning an index number, and collecting a fee.[FN4]
At oral argument, Respondent mentioned that an index number needs to be issued, and argued that CPLR 325 (b) is silent as to the context for its motion. But a motion to remove an action already lies within the ambit of an action, albeit one pending in the court of lower [*6]jurisdiction. To compel the movant (applicant) to file a petition commencing a special proceeding is in effect forcing the party to place a square peg in a round hole. It does not fit. Even more compelling is the existence of CPLR 103(b)'s mandate that a special proceeding may not be prosecuted as a special proceeding unless it is authorized. The CPLR does not authorize a special proceeding to remove an action from a court of lower jurisdiction to a court of higher jurisdiction. Therefore, it is improper to maintain a protocol compelling such a special proceeding to be initiated or permitting the motion to remove after an action has been commenced in Supreme Court. There cannot be a lawsuit when the pending one has not yet been removed.
This Court was unable to locate Court of Appeals or Appellate Division precedent on the issue posed herein: whether an applicant to remove an action to a higher court must commence a special proceeding through the filing of a petition. However, this Court notes that in discussing applications to remove an action to a court of higher jurisdiction, the word "motion" was used. For example, in a lengthy discussion concerning CPLR 325, in Huston v Rao (74 AD2d 127 [2d Dept 1980], the Appellate Division held that that if an action was previously removed from the Supreme Court to the Civil Court, and the plaintiff seeks to re-transfer the action to the Supreme Court, "[o]rderly procedure requires that, in such circumstances, a formal motion for retransfer be included in the moving papers," not just a motion for permission to serve an amended complaint seeking a higher sum of damages (74 AD2d at 131 ["there was no motion for a retransfer"; "such motion must be coupled with a motion for retransfer"]).
In sustaining Kings County Supreme Court's denial of removal to the Supreme Court of a Civil Court action, the Second Department held:
To demonstrate their entitlement to such relief the plaintiffs were required to adduce evidence showing the merits of their case, the reasons for their delay in asserting their present claims, and that their increase in damages resulted from facts that only recently came to their attention (see, Gambino v Swan, 152 AD2d 620; Dolan v Garden City Union Free School Dist., 113 AD2d 781). The medical evidence supporting such a motion must establish "a 'causal connection between the injury and a consistent course of treatment for the accident-caused injuries' " (Martin v Maimonides Med. Ctr., 125 AD2d 455, 456, quoting Dolan v Garden City Union Free School Dist., supra, at 785).
The plaintiffs have failed to make the requisite showings insofar as they have not proven that their allegedly recently-discovered injuries were incapable of earlier detection or why those injuries only belatedly came to their attention (see, Harrison v Saltzman, 233 AD2d 296; Martin v Maimonides Med. Ctr., supra). Moreover, we agree with the Supreme Court that the defendant would suffer genuine prejudice in defending the plaintiffs' increased claims at this juncture (see, Dolan v Garden City Union Free School Dist., supra). (Barsoum v Wilson, 255 AD2d 537, 537-538 [2d Dept 1998].)
Notably, the Court referred to "the plaintiffs' motion to remove their action from the Civil Court of the City of New York to Supreme Court (CPLR 325 [b]) and to serve an amended complaint increasing their ad damnum clause" (id. at 537 [emphasis added]).
In other decisions affirming Kings County Supreme Court orders denying applications for removal of Civil Court actions to it due to deficiencies, the Appellate Division, Second Department consistently referred to the applications as motions (see Lopez v Alexander, 251 AD2d 297 [2d Dept 1998] [failure to demonstrate merits of case]; Francilion v Epstein, 144 AD2d 633 [2d Dept 1988] [absence of request for leave to amend ad damnum clause]; Gambino [*7]v Swan, 152 AD2d 620 [2d Dept 1989] [insufficient showing of case's merits, reasons for delay, and that increase was warranted by facts which recently came to plaintiff's attention]; Coleman v New York City Tr. Auth., 193 AD2d 712 [2d Dept 1993] [plaintiff failed to show increase in damages to $500,000 warranted by facts only recently coming to her attention]). "Motion" was also used in Martin v Waldbaum's Supermarket (172 AD2d 804 [2d Dept 1991]), a decision on appeal from Queens County Supreme Court, and in R&T Holding Corp., 30 AD3d 574 [2d Dept 2006]), a decision on appeal from Suffolk County Supreme Court.
The word "petition" was used in Matter of Sealy v Morris (99 AD3d 1008 [2d Dept 2021]), which presumably is indicative of a special proceeding having been commenced in Supreme Court for the purpose of seeking removal. Commencing a special proceeding for this purpose would not be fatal, but this Court deems it inappropriate because such a special proceeding is not authorized (see CPLR 103 [c]).
That applications for removal to the Supreme Court have been styled as motions and referred to as such by the Appellate Division bolsters this Court's view that the motion referred to in CPLR 325 (b) is a motion without an extant Supreme Court action or special proceeding.
It may appear trivial that the issued presented here involves the terminology of the application for removal but more than nomenclature is involved. The legislature having determined that the application be presented in the form of a motion, a county clerk, as a governmental officer, is required to adhere to the prescribed form of application for relief. When an applicant for removal of an action to the Supreme Court files a motion pursuant to CPLR 325 (b), it must be treated as such. This is similar to a county clerk delegated the statutory ministerial duty of recording instruments affecting real property having to accept mortgages and assignments without looking beyond an instrument that otherwise satisfies the recording statute's requirements (see MERSCORP, Inc. v Romaine, 8 NY3d 90 [2006]).
CPLR 325 (b) being facially clear that a motion is to be used to apply for removal, a county clerk lacks jurisdiction to reject it on the basis that there is no lawsuit pending in the Supreme Court. One should not be compelled to file a petition, thereby commencing a special proceeding. While mandamus is an extraordinary remedy available only in limited circumstances, it will lie to enforce a clear legal right provided for in the CPLR concerning which there is no discretion (see Matter of Capital Equity Mgt., LLC v Sunshine, 222 AD3d 640 [2d Dept 2023]); cf. Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091). Acceptance of a CPLR 325 (b) motion is not a matter of discretion. It involves the performance of a ministerial duty.
To the extent that Petitioner seeks relief other than compelling Respondent to accept and file motions seeking removal of actions from a lower court to the Supreme Court, the Court finds it is not warranted. This includes requests to remove notations on filed documents (a county clerk is entitled to make any markings on documents in order to facilitate processing), to find that Respondent engaged in administrative misconduct (there is no pattern of misconduct), and to declare service of opposing counsel proper (this implicates an issue in the matter decided by Justice Abadi). Also, service of the papers herein is not being contested.
Conclusion
Accordingly, it is hereby ORDERED AND ADJUDGED that the within petition is GRANTED SOLELY TO THE EXTENT of the following:
(1) Respondent's protocol of requiring that a petition commencing a special proceeding, or alternatively a summons and complaint or summons with notice commencing an action, be [*8]filed when a party in an action pending in a court of limited jurisdiction applies to the Supreme Court for an order removing the said action to the Supreme Court is declared improper and contrary to law;
(2) Respondent shall accept for filing a notice of motion and supporting papers or a proposed order to show cause and supporting papers submitted by a party in an action pending in a court of limited jurisdiction when the party applies to the Supreme Court for an order, pursuant to CPLR 325 (b), removing the said action to the Supreme Court which are otherwise in proper form and accompanied by the respective filing fee, notwithstanding that such party has not filed a petition commencing a special proceeding or alternatively a summons and complaint or summons with notice commencing an action.
This constitutes the decision, order, and judgment of the Court.

Footnotes

Footnote 1:"[C]ourts may take judicial notice of a record in the same court of either the pending matter or of some other action" (Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 127 [2d Dept 2018]).

Footnote 2:At oral argument Respondent County Clerk argued that the issue is moot since Petitioner had his application to remove the Civil Court action heard and denied. The Court rejects this position inasmuch as lack of standing was not pled as an affirmative defense. In any event, Petitioner desires to preserve his right in the future to make CPLR 325 (b) motions and have them processed properly (see Santman v Satterthwaite, 238 AD3d 1156, 1158 [2d Dept 2025] [mandamus properly sought as exception to mootness doctrine where there is likelihood of repetition either between the parties or among other members of the public).

Footnote 3:An example of how a motion and a special proceeding are grouped together is the fact that special proceedings appear on motion calendars and are assigned motion sequence numbers. They are not identical. Having a separate calendar for special proceedings would be appropriate in order to maintain the distinction.

Footnote 4:For a separate example of papers being accepted for filing by a county clerk, acting as the clerk of a court, without the existence of an action or special proceeding, note the procedure detailed in CPLR 3218 for entering a judgment by confession.