■ JUAN CEPEDA, Appellant, v HERTZ CORPORATION, Respondent.—Order of the Supreme Court, New York County (Ira Gammerman, J.), entered February 6, 1991, which denied plaintiff's motion to review the clerk's taxation of costs (CPLR 8404) and granted defendant's cross-motion to pay the amount of the judgment together with appropriate interest into court, unanimously modified, on the law, to the extent of granting plaintiff's motion and remanding the matter to Supreme Court for a determination on the merits and, except as so modified, affirmed, without costs.

Plaintiff moved "to amend the Judgment and Bill of Costs" to add certain disbursements disallowed by the judgment clerk. Supreme Court, concerned that granting the relief requested would result in the entry of a new judgment which would afford plaintiff a new 30-day period within which to file a notice of appeal (CPLR 5513 [a]), requested plaintiff's counsel to stipulate that insertion into the judgment of an amended amount of costs would not constitute the entry of a new judgment. Upon counsel's refusal to so stipulate, the motion was denied.

The recovery of costs by a party is a substantial right *(Herpe v Herpe,* 225 NY 323, 327), but taxation of costs is a ministerial act solely within the province of the clerk (CPLR 8401; 8 Weinstein-Korn-Miller, NY Civ Prac, ¶ 8401.03), subject thereafter to judicial review upon motion (CPLR 8404). The total amount taxed as costs, disbursements and additional allowances is required to be inserted into the judgment by the clerk (CPLR 8401). Upon review, the court may either direct retaxation by the clerk or may allow or disallow any item objected to before the clerk. In either event, as a matter of statute,

retaxation of costs constitutes the correction of a mere defect or irregularity, requiring only "an appropriate entry on the docket of the judgment" by the clerk of the court (CPLR 5019 [b]). It does not require resettlement of the judgment or order and, thus, does not even raise the question of whether the time within which to appeal should be computed from the date of the original or resettled paper (*cf., Singer v Board of Educ.,* 97 AD2d 507; *Matter of Kolasz v Levitt,* 63 AD2d 777).

As to the grant of the cross-motion, plaintiff's argument that the deposit of funds cannot be considered until the amount of the judgment has been calculated—including costs, disbursements and additional allowances—is without merit. Pursuant to the plain language of the statute, a party is discharged "from all further liability to the extent of the money so paid in" (CPLR 2601 [a]), and such disposition does not, contrary to plaintiff's intimation, affect defendant's liability for payment of any further amounts which may be assessed as costs. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.