(February 9, 1995)

■ In the Matter of AMICA MUTUAL INSURANCE COMPANY, Respondent, v BARBARA A. SALECKER et al., Appellants, et al., Respondents. [622 NYS2d 377] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered September 13, 1993 in Albany County, which granted petitioner's application pursuant to CPLR 2601 (a) for permission to pay money into court and be discharged from liability.

Respondents Barbara A. Salecker and Dolores O'Hanlon, who allegedly sustained bodily injuries as a result of an automobile accident on May 24, 1989, and respondents Anton G. Salecker and Daniel O'Hanlon, who claim to have suffered derivative losses, sought to recover under the underinsured motorist coverage provisions of an automobile liability insurance policy issued to the Saleckers by petitioner. In accordance with the terms of the policy, each of the two couples requested that its claims be submitted to arbitration. Petitioner offered to divide the policy's limit of $50,000 between the two couples equally, but the Saleckers, who believed their damages to be significantly greater than those of the O'Hanlons, found this proposal unacceptable. Petitioner then engaged the services of a private dispute resolution service in the hopes of settling the matter, but the process came to a halt when the O'Hanlons failed to tender the required $475 fee.

Despite having recognized that the contract required arbitration of disputes, petitioner made the instant application seeking an order permitting it to pay the $50,000 into court, pursuant to CPLR 2601, and discharging it from further liability in connection with the claims. The Saleckers opposed the motion, arguing that petitioner should have submitted their claim to arbitration even without the O'Hanlons' participation, and that petitioner, not having complied with interpleader requirements (see, CPLR 1006), is not entitled to the relief sought. Petitioner's motion was granted and the Saleckers appeal.

The Saleckers' point is well taken. While CPLR 2601 provides a procedure for handling money paid into court, and grants certain rights in accordance therewith (i.e., the right to

be released from liability to the extent of the funds turned over to the court), the court must, in the first instance, have some legal basis for taking control of the funds. Where, as here, the contract provides for arbitration as the sole means of resolving disputes such as the one at hand, the court's power is ordinarily limited to enforcing the agreement and directing that the parties proceed to arbitration (see, CPLR 7501; *Susquehanna Val. Cent. School Dist. v Susquehanna Val. Teachers' Assn.*, 101 AD2d 933, *lv dismissed* 63 NY2d 610; *Adelphi Enters. v Mirpa, Inc.*, 33 AD2d 1019).

The Saleckers continue to seek arbitration. There is no reason why petitioner should not be required to satisfy its contractual obligation to proceed in that forum. Petitioner decided, unilaterally, to withdraw from and terminate the arbitration apparently because the O'Hanlons refused to participate, and petitioner determined that arbitrating with the Saleckers alone would not be "advantageous". This is not a valid excuse for petitioner's refusal to arbitrate for the O'Hanlons, though not parties to the insurance contract that limits the dispute resolution options of the Saleckers and petitioner, having requested arbitration of their claim, must either move to stay the arbitration pursuant to CPLR 7503 or abide by the arbitrator's decision (cf., *Matter of State of New York [State Univ.—Civil Serv. Empls. Assn.]*, 148 AD2d 790). Petitioner's assertion that proceeding to arbitration with the Saleckers alone will render it vulnerable to adverse claims by the O'Hanlons is unconvincing.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and the proceeding is stayed pending arbitration.