■ ROSE S. MANCINI, Respondent, v EDMOND R. MANCINI, Appellant. [702 NYS2d 380] —In a matrimonial action in which the parties were divorced by a judgment dated May 8, 1991, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered December 16, 1998, as denied his motion, *inter alia,* to vacate certain judgments, and granted the cross motion of the plaintiff former wife to the extent of awarding her an attorney's fee in the sum of $1,500, imposing a sanction on him in the sum of $2,000, and precluding him from making further applications to the court in this action except upon stated conditions.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant former husband was previously sanctioned for frivolous litigation (*see, Matter of Mancini v Mancini,* 245 AD2d 518; *Matter of Mancini v Mancini,* 245 AD2d 519). In this action, the Supreme Court sanctioned him after he moved to vacate judgments which had been entered upon orders of this Court awarding costs to the plaintiff. The defendant argues, *inter alia,* that he was not given timely notice of those judgments, and that he was not furnished with the bills of costs upon which those judgments were based. However, he did not move pursuant to CPLR 8404 for retaxation of the costs awarded, and there is no authority for the vacatur of the judgments based on the grounds he proffers (*see,* CPLR 5015 [a]; 5019 [a]; *Cepeda v Hertz Corp.,* 183 AD2d 614). We agree with the Supreme Court that this motion was merely part of the defendant's pattern of abuse of the judicial system motivated by spite. The sanction imposed, as well as the conditions on the right of the defendant to make further applications in connection with this case, were appropriate under all the circum-

stances presented (*see, Sassower v Signorelli,* 99 AD2d 358; *Duffy v Holt-Harris,* 260 AD2d 595; *Matter of Shreve v Shreve,* 229 AD2d 1005).

The provision of the order precluding the defendant from making further applications to the court in this action except upon stated conditions constitutes a limitation of his access to the Supreme Court. Although we reject his argument that this portion of the order was made in error, that argument is not a frivolous argument within the meaning of 22 NYCRR 130-1.1 (c), and we therefore decline to consider sanctions against him on this appeal. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.