■ PATRICIA SCHMITT, Appellant, v WERNER ENTERPRISES, INC., et al., Respondents. [716 NYS2d 505] —Judgment unani-

mously affirmed with costs. Memorandum: In this action to recover for physical and psychological injuries allegedly sustained by plaintiff as a result of a car accident, the jury allocated liability 25% to one defendant and 75% to a second set of defendants and awarded plaintiff total damages of $209,901. Plaintiff appeals from a judgment awarding her (after appropriate reductions for collateral source payments) $115,508.27.

Supreme Court did not err in admitting evidence of plaintiff's past psychological problems. That evidence was relevant on the issue of causation with respect to defendants' theory that plaintiff's psychological injuries preexisted the accident. Given the conflicting proof concerning the nature, extent and cause of plaintiff's injuries (*see, Harris v Moyer,* 255 AD2d 890, 891), we cannot conclude that the jury's award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Smith v Monro Muffler Brake* [appeal No. 1], 275 AD2d 1030; *Lopez v Kenmore-Tonawanda School Dist.,* 275 AD2d 874; *Texido v Margarucci,* 229 AD2d 944).

The court did not err in accepting the payment by defendant Patricia Kurowski of money into court and limiting her liability for interest pro rata. Pursuant to CPLR 2601 (a), "[a] party paying money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in." The liability that is discharged pro rata in that instance includes liability for interest that otherwise would have accrued (*see, Hiraldo v Khan,* 262 AD2d 607; *see also,* Siegel, NY Prac § 425, at 691 [3d ed] [discussing analogous provision of CPLR 5021 (a) (3)]).

We have considered plaintiff's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Mahoney, J.—Negligence.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.