OPINION OF THE COURT
Memorandum.
On the court’s own motion, appellant’s notice of appeal is treated as an application for leave to appeal from the subsequent written order, entered July 9, 2002, and leave to appeal is granted (CCA 1702 [c]).
Order unanimously reversed without costs, petition reinstated and matter is remanded to the court below for all further proceedings.
Even if the oral determination rendered May 15, 2002 was in the form of a proper order, an appeal as of right (CCA 1702 [a]) would not lie from same as it was rendered pursuant to tenant’s oral application which, although not ex parte, was not made on notice as no order to show cause or notice of motion to dismiss was served (CPLR 2211; Glen Cove Hous. Auth. v Hendricks, 2002 NY Slip Op 40483[U] [App Term, 9th & 10th Jud Dists]). In the exercise of our discretion, the notice of appeal from the May 15, 2002 oral determination is treated as an application for leave to appeal from the July 9, 2002 written order, entered pursuant thereto, dismissing the petition, and the application is granted (CCA 1702 [c]; CPLR 5520 [c]).
On the basis of an unauthenticated Department of Social Services (DSS) computer printout alleged to indicate that certain rent subsidy checks were issued to landlord on tenant’s behalf and subsequently negotiated, the court summarily dismissed the petition (see CPLR 409 [b]), rejecting landlord’s request for leave to subpoena the original checks or their facsimiles to determine whether they existed, and if so, whether the endorsements were proper. We agree that the printout was *55 potentially admissible as a business record, given a proper evidentiary foundation, there being no dispute that the document was what it purported to be (8 Carmody-Wait 2d § 56:100, at 195; Schozer v William Penn Life Ins. Co. of NY., 84 NY2d 639, 643-644 [1994]), that its contents reflected data stored in the normal course of DSS business and constituted a “true and accurate” representation of said data (CPLR 4518 [a]; Prince, Richardson on Evidence § 8-304 [Farrell 11th ed]; see CPLR 4518 [a]; Kenyon v Kenyon, 299 AD2d 863 [2002]; People v Perry, 199 AD2d 889, 892-893 [1993]). Accepting the record without such foundation testimony, the court, in effect, took judicial notice, by which records may be admitted without foundation testimony where “so patently trustworthy as to be self-authenticating” (People v Kennedy, 68 NY2d 569, 577 n 4 [1986]; Elkaim v Elkaim, 176 AD2d 116, 117 [1991]). However, we need not reach the question whether DSS documents qualify as exceptions to the foundation requirement, that is, whether it can be said that “their authenticity cannot be seriously challenged” (id.), because landlord did not challenge the record’s admissibility, but merely that the record, however probative of the fact that the checks were issued by the Department and subsequently negotiated, did not disprove landlord’s claim that it was not the entity that received and negotiated said checks. Under the circumstances, the DSS printout did not disprove the salient facts on which the petition was based and the motion should have been set down for trial (RPAPL 745 [1]). We note that landlord’s application for leave to subpoena the checks was clearly a proper avenue to test the printout’s accuracy.
Pesce, PJ., Aronin and Patterson, JJ., concur.