Sence v Atoynatan (2016 NY Slip Op 05804)





Sence v Atoynatan


2016 NY Slip Op 05804


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-03261
 (Index No. 3172/08)

[*1]Jaelin Sence, etc., et al., respondents, 
v
Ioanis Atoynatan, et al., defendants, New York Methodist Hospital, appellant.


Aaronson Rappaport Feinstein & Deutsch LLP (Kaufman Borgeest & Ryan, LLP, Valhalla, NY [Edward J. Guardaro, Jr.], of counsel), for appellant.
Kramer, Dillof, Livingston & Moore, New York, NY (Thomas A. Moore and Matthew Gaier of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant New York Methodist Hospital appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated February 11, 2015, which granted the plaintiffs' motion, denominated as one to clarify an order of the same court dated September 24, 2014, granting the motion of the defendant New York Methodist Hospital pursuant to CPLR 2601, inter alia, for leave to pay the limits of its insurance policy into court, to the extent of directing it to deposit an additional sum of $619,520.55 into court, representing the amount of interest accrued from November 15, 2013, to October 16, 2014, on a judgment entered in favor of the plaintiffs and against, among others, that defendant in the total present value sum of $13,815,290, but which was, in actuality, one for leave to reargue the plaintiffs' opposition to that defendant's motion pursuant to CPLR 2601, inter alia, for leave to pay the limits of its insurance policy into court, or to modify the order dated September 24, 2014.
ORDERED that the order dated February 11, 2015, is reversed, on the law, with costs, and the plaintiffs' motion, denominated as one to clarify the order dated September 24, 2014, but which was, in actuality, to reargue their opposition to the motion of the defendant New York Methodist Hospital pursuant to CPLR 2601, inter alia, for leave to pay the limits of its insurance policy into court, or to modify the order dated September 24, 2014, is denied.
In this action to recover damages for medical malpractice, after a jury trial, a judgment was entered in favor of the plaintiffs and against, among others, the defendant New York Methodist Hospital (hereinafter NYMH) in the total present value sum of $13,815,290. In an order dated September 24, 2014, the Supreme Court granted NYMH's motion pursuant to CPLR 2601, inter alia, for leave to pay the limits of its insurance policy, $7,500,000, into court in order to stop the accrual of interest on that amount. On a companion appeal, this Court is affirming the order dated September 24, 2014 (see Sence v Atoynatan , __ AD3d__ [Appellate Division Docket No. 2014-10396; decided herewith]).
Initially, we agree with NYMH that the plaintiffs' motion, denominated as one for clarification of the order dated September 24, 2014, was in actuality a motion for leave to reargue [*2]their opposition to NYMH's motion pursuant to CPLR 2601, inter alia, for leave to pay the limits of its insurance policy into court or to modify that order (see CPLR 2221). The plaintiffs failed to establish that the Supreme Court overlooked or misapprehended any facts or controlling law in granting NYMH's motion, or to provide a legal basis to modify the order dated September 24, 2014.
Contrary to the plaintiffs' contention, this Court's decision in Hiraldo v Khan (262 AD2d 607) did not establish that prejudgment interest must be paid into court pursuant to CPLR 2601. Prejudgment interest "shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment," and "[t]he amount of interest shall be computed by the clerk of the court and included in the judgment" (CPLR 5002). In Hiraldo, this Court affirmed the Supreme Court's order which, upon reargument, permitted the defendant Rakeela Khan's insurer to pay into court the full policy limit of $300,000 in order to stop the accrual of interest on that sum, and directed the insurer to pay prejudgment interest on that sum. However, the issue of whether prejudgment interest had to be paid into court pursuant to CPLR 2601 or whether the court was authorized to direct Khan's insurer to pay into court prejudgment interest was not raised or determined on appeal. We determined only that the court "properly permitted the policy limit to be paid into court" (Hiraldo v Khan , 262 AD2d at 607).
In addition, CPLR 2601 does not mandate that any specific amount of money be paid into court or require that interest on the amount to be paid into court from the date of the verdict to the date of deposit be paid at or around the time of deposit. Therefore, NYMH was not required to pay into court an additional $619,520.55, which represented the accrued interest from the date of the verdict to the date of deposit. Accordingly, the order must be reversed.
The plaintiffs' remaining contention is without merit.
RIVERA, J.P., MILLER, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court