Sence v Atoynatan (2016 NY Slip Op 05802)





Sence v Atoynatan


2016 NY Slip Op 05802


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2014-10396
 (Index No. 3172/08)

[*1]Jaelin Sence, etc., et al., appellants, 
v
Ioanis Atoynatan, etc., et al., defendants, New York Methodist Hospital, respondent.


Kramer, Dillof, Livingston & Moore, New York, NY (Thomas A. Moore, Matthew Gaier, and Norman Bard of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch LLP (Kaufman Borgeest & Ryan LLP, Valhalla, NY [Edward J. Guardaro, Jr.], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated September 24, 2014, which granted the motion of the defendant New York Methodist Hospital pursuant to CPLR 2601, inter alia, for leave to pay the limits of its insurance policy into court.
ORDERED that the order is affirmed, with costs.
CPLR 2601(a) provides that "[a] party paying money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in." Here, following a jury verdict in favor of the plaintiffs and against, among others, the defendant New York Methodist Hospital (hereinafter NYMH), after adjustments pursuant to Public Health Law § 2999-j(6)(b) and (14), in the total present value sum of $13,815,290, the Supreme Court granted NYMH's motion pursuant to CPLR 2601, inter alia, for leave to pay the full amount of its insurance policy, $7,500,000, into court, in order to stop the accrual of interest on that amount. Contrary to the plaintiffs' contention, the court properly permitted NYMH to pay the limits of its insurance policy into court (see Schmitt v Werner Enters., Inc ., 277 AD2d 1003; Hiraldo v Khan , 262 AD2d 607).
RIVERA, J.P., MILLER, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court