Lewis v Ganesh (2024 NY Slip Op 51269(U))

[*1]

Lewis v Ganesh

2024 NY Slip Op 51269(U)

Decided on September 13, 2024

Supreme Court, Bronx County

Gomez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 13, 2024
Supreme Court, Bronx County

Carol R. Lewis, Plaintiff(s),

against
Parasnauth Ganesh AND SHANNAMAY LOYOTA SIMMONS-GANESH, Defendant(s).

Index No. 24992/18E

Counsel for plaintiff: Goldin & Rivin, PLLC
Chernyy & Associates 
Counsel for defendants: Barry McTiernan & Moore
Baker, Mcevoy & Moskowits

Fidel E. Gomez, J.

In this action for personal injuries arising from a motor vehicle accident, defendants move seeking an order pursuant to CPLR § 2601, allowing their insurer to deposit $100,000 into court, said sum representing the bodily injury coverage limit of their insurance policy. Defendants contend that they seek to deposit said sum in order to stop the accrual of post-judgment interest. Plaintiff opposes the instant motion, asserting, inter alia, that because he has instituted a bad faith claim against defendants' insurer, unless the insurer deposits the entire sum awarded to him after a jury trial, the instant application must be denied.
For the reasons that follow hereinafter, defendants' motion is granted.
The instant action is for personal injuries arising from a motor vehicle accident. The complaint alleges that on September 16, 2017, at the intersection of Bell and Pratt Avenues, plaintiff was involved in an accident while operating his motor vehicle, when the same came into contact with a vehicle owned by defendant SHANNAMAY LOYOTA SIMMONS-GANESH (SG), while the same was operated by defendant PARASNAUTH GANESH (PG). It is alleged that the defendants were negligent in the ownership and operation of their vehicle, said negligence causing the instant accident and all injuries arising therefrom.
On July 14, 2023 and over the course of several days thereafter, this action was tried before [*2]a jury. On July 21, 2023, the jury issued a verdict in plaintiff's favor, awarding him $1,300,000 in damages for past and future pain and suffering and future medical expenses.
Defendants' motion seeking to deposit $100,000 into court pursuant to CPLR § 2601 is granted. Significantly, defendants establish that the foregoing relief is sought to stop the accrual of post-judgment interest.
Pursuant to CPLR § 2601, "[a] party paying money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in." Before a court grants an application allowing a party to pay sums into court, it "must, in the first instance, have some legal basis for taking control of the funds" (Matter of Amica Mut. Ins. Co. v Salecker, 212 AD2d 865, 866 [3d Dept 1995] [Court denied application by an insured to deposit funds into court pursuant to CPLR § 2601 because the dispute between the parties, by contract, required arbitration such that the court had no basis to issue the order sought.]). 
Significantly, an application pursuant to CPLR § 2601 seeking to deposit sums into court in order to stop the accrual of post-judgment interest should be granted solely on that basis (Schmitt v Werner Enterprises, Inc., 277 AD2d 1003, 1004 [4th Dept 2000] [Court granted defendant's application seeking an order allowing her to deposit sums representing her share of damages solely to limit her liability for further interest. Indeed, the Court held that "[t]he liability that is discharged pro rata in that instance includes liability for interest that otherwise would have accrued."]; Hiraldo v Khan, 262 AD2d 607, 607 [2d Dept 1999] ["Court allowed defendant's insurer to deposit sums representing a jury damages award into court to stop the accrual of interest.]). Notably, the proponent of an application pursuant to CPLR § 2601 need not deposit anything beyond the amount of the damages award, including any post-judgment interest (Sence v Atoynatan, 142 AD3d 603, 605 [2d Dept 2016] ["In addition, CPLR 2601 does not mandate that any specific amount of money be paid into court or require that interest on the amount to be paid into court from the date of the verdict to the date of deposit be paid at or around the time of deposit. Therefore, NYMH was not required to pay into court an additional $619,520.55, which represented the accrued interest from the date of the verdict to the date of deposit."]; Cepeda v. Hertz Corp., 183 AD2d 614, 615 [1st Dept 1992 ["As to the grant of the cross-motion, plaintiff's argument that the deposit of funds cannot be considered until the amount of the judgment has been calculated—including costs, disbursements and additional allowances—is without merit. Pursuant to the plain language of the statute, a party is discharged from all further liability to the extent of the money so paid in, and such disposition does not, contrary to plaintiff's intimation, affect defendant's liability for payment of any further amounts which may be assessed as costs" [internal citations and quotation marks omitted].). Moreover, the fact that a party believes that an insurer's liability is higher than the sums sought to be deposited into court "has no bearing on the granting of the application pursuant to CPLR 2601"(Hiraldo at 607).
In support of the instant motion defendants submit a copy of an insurance policy. The declarations portion of the policy evinces that it was issued by American Transit Insurance Company (American Transit) to SG and was in effect from March 1, 2017 through March 1, 2018. Additionally, the foregoing section evinces that the coverage under the policy for liability arising from bodily injury was limited to $100,000 per person and $300,000 per accident. Lastly, the foregoing section evinces that the insured vehicle under the policy was a 2004 Lincoln and that PG was listed as a driver under the policy. Section I of the policy states that a covered auto under the policy is the one listed in the declarations portion of the policy. Section II(A) of the policy states that [*3]American Transit would
pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'
Section II(A)(1)(b) defines an insured to include "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow."
Based on the foregoing, defendants' motion seeking to deposit $100,000 into court, said sum representing the monetary limit for bodily injury liability under the relevant policy, is granted. 
As noted above, an application pursuant to CPLR § 2601 seeking to deposit sums into court in order to stop the accrual of post-judgment interest should be granted solely on that basis (Schmitt at 1004; Hiraldo at 607). Notably, the proponent of an application pursuant to CPLR § 2601 need not deposit any post-judgment interest (Sence at 605; Cepeda at 615) Moreover, the fact that a party believes that an insurer's liability is higher than the sums sought to be deposited into court "has no bearing on the granting of the application pursuant to CPLR 2601"(Hiraldo at 607).
Here, where defendants have established that American Transit's liability under the policy is limited to the sums listed within the policy and that they seek to deposit said sum in order to stop the accrual of post judgment interest, the instant application must be granted. To be sure, pursuant to CPLR § 2601, "[a] party paying money into court pursuant to the direction of the court is discharged thereby from all further liability to the extent of the money so paid in." Accordingly, based on the policy limits for bodily injury, despite the jury verdict in excess thereof, American Transit's only obligation is to pay the limit prescribed by the policy, here, $100,000. Accordingly, the deposit sought limits defendants and American Transit's liability to the $100,000 plus any interest that has accrued heretofore.
Nothing submitted by plaintiff precludes the granting of defendants' application. 
Plaintiff submits a copy of the jury verdict, evincing that on July 21, 2023, the jury awarded him $1,300,000, representing past and future pain and suffering and future medical expenses. 
Plaintiff submits a copy of this Court's judgment entered on November 3, 2023, wherein a judgment was entered for $1,380,556.27, said sum representing the verdict plus pre-judgment and post-verdict interest. 
Plaintiff submits a summons and complaint in an action titled Lewis, et al. v American Transit Company, et al. (Index No. 807276/24E), an action venued in Bronx Supreme Court and initiated on May 1, 2024. In that action, plaintiff, to whom defendants assigned the right to bring that action against American Transit, interposes two causes of action - one for the breach of the duty to settle this action and another for the breach of the implied covenant of good faith and fair dealing. In sum and substance, both of the foregoing causes of action are premised on American Transit's alleged bad faith [FN1]
in failing to tender $100,000 to plaintiff, the maximum sum payable under [*4]defendants' policy, despite defendants' clear liability in this action and the severity of plaintiff's injuries, which if proven, far exceeded the maximum payment under the policy. Based on the foregoing, in the bad faith action, plaintiff seeks to recover all sums awarded to plaintiff in this action.
Plaintiff's submissions fail to preclude the grant of defendants' motion. 
First, there is no merit to plaintiff's assertion that the policy submitted by defendants is inadmissible because it lacks foundation. To be sure the instant motion is not one seeking summary judgment, where a movant's burden is to tender evidence in admissible form (Muniz v Bacchus, 282 AD2d 387, 388 [1st Dept 2001], revd on other grounds Ortiz v City of New York, 67 AD3d 21, 25 [1st Dept 2009]). Moreover, here, where plaintiff's opposition is premised on the existence of another action for bad faith, wherein he argues, as he does in this action, that defendants' policy limit was $100,000 and that the same should have been tendered, the policy terms are, in fact, conceded.
Second, there is no merit to plaintiff's contention that the pending bad faith action precludes the deposit by defendants of the $100,000 provided by the relevant policy into court. To be sure, as a matter of law, the pending bad faith action has no effect on whether the instant motion ought to be granted since as noted in Hiraldo, "plaintiffs' contention that the liability of Khan's insurer should be higher has no bearing on the granting of the application pursuant to CPLR 2601" (id. at 607). Thus, plaintiff's argument - that the potential damages award in the pending bad faith action, seeking to compel American transit to pay more than the bodily injury limit under the policy precludes the grant of defendants' instant motion or requires that the all sums sought in that action be deposited into court - has been found to be without merit as a matter of law. To that end, Kern v. Sook Jin Kang (2023 NY Misc LEXIS 30835 [Supreme Court 2023]), upon which plaintiff relies, is not only unpersuasive but plainly a odds with binding Appellate Division precedent. Specifically, in Kern, the trial court denied the insured's application to deposit sums equal to the monetary limit of its policy after the entry of a default judgment because plaintiff had not yet obtained a damages award against the defendant (id. at *2). The foregoing holding is squarely at odds with the holding in Hiraldo, which holds that whether a party believes that the proponent of a motion pursuant to CPLR [*5]§ 2601 is liable for sums in excess of amount sought be deposited into court is irrelevant. 
Notably, on the foregoing issue, plaintiff's opposition is predicated on a fundamental misunderstanding of the liability that is obviated by depositing sums into court and, indeed, what defendants in this action actually seek. To be sure, as borne by the relevant cases, applications like the one before this Court are granted when the proponent seeks to stop the accrual of interest on sums held by them and which for some reason the recipient of the same will not take (Schmitt at 1004; Hiraldo at 607). Thus, the liability that such deposit thwarts, is not any additional post-deposit sums that may later become due, but merely the liability to pay post-judgment interest (Cepeda at 615). Here, defendants concede as much (NY St Cts Elec Filing [NYSCEF] Doc No. 101 at 4, Reply Affirmation ["In the instant matter, the defendants are seeking an order from the Court to have American Transit Insurance Company pay its One Hundred Thousand Dollars ($100,000.00) policy limits in the Court to stop the interest from running on the $100,000.00. This in no way affects the plaintiff's bad faith litigation against American Transit Insurance Company other than lowering the alleged amount for Bad Faith by $100,000.00 and stopping the interest from running on the $100,000.00 deposited into the courthouse."]).
Third, in seeking denial of the instant motion, plaintiff fails to appreciate that the pending action for bad faith is not a determination that defendants are liable thereunder. Thus, here, denial of the instant motion on grounds of a potential, rather than an actual, damages award is insufficient to preclude the grant of this motion. Here, to hold otherwise would mean that defendants would continue to accrue and be liable for interest during the pendency of an action, which could ultimately be decided in their favor.
Lastly, this Court is unpersuaded by the assertion that the instant application ought to be denied because since the instant application benefits American Transit, the same somehow creates a conflict of interest between defendants and American Transit. What plaintiff inartfully posits is that this motion is yet another example of American Transit's continued failure to pay the sums awarded to plaintiff in this action and thus exposes defendants to continued liability for said award. This argument is nonsensical because unless and until there has been an actual determination that American Transit acted in bad faith, it has no obligation to tender any sums above the relevant policy limit and its decision to mitigate its liability is not a breach of the duty it owes to defendants. Absent extant and provable bad faith, whether a claimant, after a judgment, chooses to seek a satisfaction of any sums above the policy limit is not within an insurer's control and such course of action by a claimant is cannot be said to be made more likely by a motion like the one at bar. Applying plaintiff's logic, motions such as this one would always have to be denied because of the alleged, albeit, meritless conflict of interest alleged. Moreover, and more significantly, here, per the complaint in the bad faith action and the assignment appended thereto [FN2]
, by virtue of plaintiff's waiver [*6]of any right to seek satisfaction of the jury's verdict against defendants' assets, they are forever shielded from any liability for any judgment arising from this action. Thus, given the foregoing, nothing American Transit does in this action exposes defendants to any further liability.
Accordingly, defendants' motion is granted. It is hereby
ORDERED that defendants may deposit $100,000 into Court, provided that the same be effectuated within 30 days hereof.
ORDERED that defendants serve a copy of this Decision and Order upon all parties within thirty (30) days hereof.
Dated : 9/13/2024
Bronx, New York
HON. FIDEL E. GOMEZ, JSC

Footnotes

Footnote 1: Since an insurer generally has exclusive control over a claim against its insured, once it assumes to defend the insured, it has a duty to act in good faith when deciding whether to settle the claim (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 452 [1993]; Fed. Ins. Co. v N. Am. Specialty Ins. Co., 83 AD3d 401, 402 [1st Dept 2011]). Indeed, an insurer must act in good faith with respect to all aspects its handling of a claim against its insured (Hartford Acc. and Indem. Co. v Michigan Mut. Ins. Co., 61 NY2d 569, 574 [1984]). The foregoing duty is an obligation derived from the insurance contract (Pavia at 27; Gordon v Nationwide Mut. Ins. Co., 30 NY2d 427, 437 [1972]). A mere mistake in assessing a claim or negligence in relation thereto are insufficient to establish a breach of the duty to act in good faith (Fed. Ins. Co. at 402). Instead, "[t]o establish bad faith, an excess insurer must show that the primary insurer's conduct constituted a gross disregard of the excess insurer's interests and that the insurer's conduct involved a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer" (id. at 402 [internal quotation marks omitted]; see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 657 [2016].). Stated differently, an insurer acts in bad faith "[b]y refusing to settle within the policy limits, [such that] . . . it has advanced its own interests by compromising those of its insured" (Pavia at 27; Gordon at 446 ["Significantly, the authorities discussed thus far are concerned with the insurer who defends but in doing so advanced its own interest by compromising those of its insured."]). 

Footnote 2: Lewis, et al. v American Transit Company, et al. (Index No. 807276/24E [NY St Cts Elec Filing (NYSCEF) Doc No. 6 at 2, Assignment of Cause of Action]). It is well settled that a court can take judicial notice of any and all undisputed court records and files (Khatibi v Weill, 8 AD3d 485, 485 (2d Dept 2004). Indeed, this rule includes the court's own court files and extends to files related to proceedings in other courts (MJD Construction, Inc. v Woodstock Lawn & Home Maintenance, 299 AD2d 459, 459 [2d Dept 2002]; Ptasznick v Schultz, 247 AD2d 197, 199 [2d Dept 1998]; Warner v Board of Education of the City of New York, 14 AD2d 300, n1 [1st Dept 1961]). When a court chooses to take judicial notice of records, it obviates a foundation for purposes of admitting said documents into evidence (Bernasconi v Aeon, LLC, 105 AD3d 1167, 1169 [3d Dept 2013]; Lagano v Soule, 86 AD3d 665, 667, n 5 [3d Dept 2011]; Secretary of Dept. of Hous. and Urban Dev. v Torres, 2 Misc 3d 53, 55 [App Term 2003]). Here, the Court takes judicial notice of the Assignment of Cause of Action document in the aforementioned action.