Ward v Northeast Truck Rental & Leasing LLC
2026 NY Slip Op 03130
May 19, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Mark Ward, Respondent,
v
Northeast Truck Rental and Leasing LLC, et al., Appellants, Abraham Refrigeration A/C Corp., et al., Defendants.

Decided and Entered: May 19, 2026
Index No. 809980/22|Appeal No. 6671-6672|Case No. 2025-02981, 2025-03680|
Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Smith Mazure, P.C, New York (Louise M. Cherkis of counsel), for appellants.
Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on March 27, 2025, which denied defendants' motion pursuant to CPLR 317 and 5015 to vacate the default judgment entered against defendant Abraham Perez, and pursuant to CPLR 2601 to permit nonparty Pennsylvania Manufacturers' Association Insurance Company to deposit with the court the amount of $25,000 and to stay the accrual of interest on that sum, unanimously modified, on the law and in the exercise of discretion, and the judgment vacated as against Perez, and otherwise affirmed, without costs. Order, same court and Justice, entered on April 15, 2025, which denied the motion of defendant Northeast Truck Rental and Leasing LLC pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and all cross-claims against it, unanimously affirmed, without costs.
We substitute our own discretion for that of Supreme Court and vacate the default judgement against Perez pursuant to CPLR 5015(a) (1) (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38-39 [1st Dept 2023]). Perez timely made his motion within one year of entry of the default finding against him. Further, the default is excusable because Perez demonstrated his lack of willfulness or intention to abandon his defense by appearing for a deposition and plaintiff makes no showing of prejudice (see Mutual Mar. Off., Inc. v Joy Constr. Corp., 39 AD3d 417, 419 [1st Dept 2007]). Perez also offered a meritorious defense by asserting that he was at a complete stop when the collision occurred (see Williams v Kadri, 112 AD3d 442, 442 [1st Dept 2013]). Finally, there is a strong public policy favoring resolution on the merits. In light of the foregoing, we need not consider Perez's arguments for vacatur pursuant to CPLR 317.
The motion court properly denied Northeast's request to deposit its insurance limits into the court, as CPLR 2601 requires some "legal basis for taking control of the funds" (Matter of Amica Mut. Ins. Co. v Salecker, 212 AD2d 865, 866 [3d Dept 1995]; cf. Cepeda v Hertz Corp., 183 AD2d 614, 615 [1st Dept 1992]). There has been no finding that Northeast is liable, and Northeast makes no other argument for its insurer's proposed deposit.
[*2]
Northeast was not entitled to dismissal of the complaint as against it under the Graves Amendment (49 USC § 30106) because it attached to its motion only factual affidavits, which did "not constitute documentary evidence for purposes of a motion to dismiss pursuant to CPLR 3211(a)(1)" (Bou v Llamoza, 173 AD3d 575, 575 [1st Dept 2019] [internal quotation marks omitted]). The motion court was correct in not considering the documentary evidence that Northeast submitted in reply because "a deficiency of proof in moving papers cannot be cured by submitting evidentiary material in reply" (Henry v Peguero, 72 AD3d 600, 602 [1st Dept 2010], appeal dismissed 15 NY3d 820 [2010]). Even if the Court were to consider it, the documentary evidence, a lease agreement, was insufficient to satisfy Northeast's burden, because it was not signed by Perez, the purported lessee of the vehicle.
Finally, to the extent Northeast argues that we should reverse the order denying dismissal based on Supreme Court's reference in its decision to two unrelated entities, the order shows that the court considered the facts unique to this case, even if it made a stray reference to the wrong entities. We disregard the error because no substantial right of any party was impaired (see CPLR 5019 [a]; Woolfalk v New York City Hous. Auth., 36 AD3d 444, 444 [1st Dept 2007]; see Sokoloff v Schor, 176 AD3d 120, 130 [2d Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2026